JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JASON LIBBY and DON LIBBY

### DEFENDANTS
CITY OF MEDFORD, Medford Police Dept., Detective Bill Ford, Sgt. Walruff, Officer Baglietto, Sgt. Tom Lanieri, Sgt. Josh Reimer and Chief Tim George

**(b)** County of Residence of First Listed Plaintiff    JACKSON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Jackson
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Foster A. Glass OSB No. 751334
339 SW Century Drive, Ste 201, Bend OR 97702
Telephone: 541-317-0703

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Sec. 1983

Brief description of cause:
Civil Rights Violations - Malicious prosecution, unlawful arrest and incarceration, Deprivation of liberty interests

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
450,370.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
02/19/2015

SIGNATURE OF ATTORNEY OF RECORD
*Foster A. Glass*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

Foster A. Glass, OSB No. 751334
E-Mail: fosterg@bendcable.com
Attorney at Law
339 SW Century Drive, Suite 201
Bend, Oregon  97702
Telephone: (541) 317-0703
Fax:  (541) 317-0736

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JASON LIBBY and DON LIBBY,

                    Plaintiffs,                    Case No.

            v.                                     COMPLAINT - 42 USC SECTION
                                                   1983 CIVIL RIGHTS VIOLATIONS
CITY OF MEDFORD, MEDFORD POLICE
DEPARTMENT, DETECTIVE BILL FORD,                   DEMAND FOR JURY TRIAL
SERGEANT WALRUFF, OFFICER
BAGLIETTO, SERGEANT TOM LANIERI,
SERGEANT JOSH REIMER, and CHIEF TIM
GEORGE,

                    Defendants.

1.

NATURE OF THE ACTION

 This an action for damages sustained by Plaintiffs who are citizens of Jackson County,

Oregon, brought under 42 USC § 1983, and the Fourth and Fourteenth Amendments to the

U.S. Constitution.  The causes of action arise from the intentional, willful and deliberately

indifferent conduct of defendants in violation of Plaintiffs' civil rights. The course of conduct

began in1997 and continued through June 27, 2013 when criminal charges brought by the

COMPLAINT - 42 USC SECTION 1983 CIVIL RIGHTS VIOLATIONS     Page 1

officers against Jason Libby were dismissed and he received his certification back on July 2, 2013 which then authorized him to return to work as a security officer; and the Defendant's actions against Don Libby ended on September 3, 2013 when he was found not guilty. Department of Public Safety Standards and Training (hereinafter DPSST) reinstated Don Libby's certification on September 16, 2013. Plaintiff bring this action for violation of their civil rights for malicious prosecution, unlawful arrest, unlawful incarceration, providing false information in obtaining an indictment against Jason Libby, without probable cause, and thereby obtaining a warrant for his arrest, by the Defendant officers making deliberately false statements or disregarding the truth of the statements made, not presenting the actual facts in the process, and bringing charges which did not state a cause of action for two counts of criminal impersonation of a police officer, assault in the fourth degree, two counts of harassment, against Jason Libby; and an indictment following an arrest without a warrant of Don Libby for two counts of criminal impersonation of a police officer, on which he was acquitted after trial on September 3, 2013. The plaintiffs were arrested, handcuffed, and incarcerated in the Jackson County Jail after being strip searched and were held in jail until bail was posted.

JURISDICTION

2.

The jurisdiction of this Court is invoked pursuant to the provisions of 28 USC § 1331 and § 1343. This action arises under the Fourth and Fourteenth Amendments to the U.S. Constitution, pursuant to 42 USC Sections 1983 and 1988. All of the acts and practices alleged herein occurred in the City of Medford, County of Jackson, State of Oregon.

PARTIES

3.

Plaintiffs Jason Libby and Don Libby are twin brothers at all material times were citizens of the United States and of Jackson County, Oregon, and are operating Jackson County Security.

COMPLAINT - 42 USC SECTION 1983 CIVIL RIGHTS VIOLATIONS                    Page 2

LAW OFFICES OF FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 201 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

DEFENDANTS

4.

All defendant police officers were employees of Medford City Police Department and acted in concert to attempt to destroy Plaintiffs' business, Jackson County Security. All police officers and their supervisors acted in concert in the arrest and prosecution of the Plaintiffs, and immediately issued several press releases, including television appearances, and related details of Plaintiffs' alleged criminal misconduct, while the investigation was still pending, with the intent to discredit and damage Plaintiffs' business and their reputations. This conduct was a repeat of police conduct in 2011 when they sent a false report to the District Attorney alleging Plaintiffs were impersonating a police officer, made a formal complaint against Plaintiffs to DPSST - resulting in temporary suspension of their licenses, complained to the Jackson County Sheriff resulting in the revocation of Don Libby's right to carry a firearm. The police made various false citations, including claiming the unlawful use of a cell phone which was dismissed because the use was legal under the exception of ORS 811.507(3)(g). Several of the police officers also contacted one of Jason Libby's employers and attempted to get him fired. During the present action police took the same action against Plaintiffs for a second time. Plaintiffs sent a tort claim notice on February 22, 2011 regarding the prior conduct, but decided against filing a lawsuit at that time for violation of their civil rights and damages, because they hoped to try to improve their relationship with the Medford Police Department.

5.

Unless otherwise specified herein, Plaintiffs sue each and all defendants in both their individual and official capacities as employees of the City of Medford.

6.

Each Defendant was at all times herein mentioned, an agent of the other in causing the harm alleged herein, or in failing to act or prevent the violation of Plaintiffs' rights.

COMPLAINT - 42 USC SECTION 1983 CIVIL RIGHTS VIOLATIONS                    Page 3

7.

The acts of defendants complained of herein were committed under color of law of the State of Oregon by individuals who claimed to act under their cloak of authority as police officers.

8.

At all material times herein, Defendant City of Medford was a governmental entity organized under Oregon laws, and a public body responsible fort he conduct and violations of 42 USC § 1983, and also liable for the tortious conduct of agents and employees pursuant to the Oregon Tort Claims Act, ORS 30.260(4) and 30.265(1).

GOVERNMENTAL LIABILITY

9.

Plaintiff alleges that Defendant, City of Medford, Oregon, through its employed officers and supervisors has grossly failed to train their police officers in the fundamental law under the Fourth Amendment regarding police duty to protect citizens' civil rights, arrest, detention and the malicious prosecution of citizens.

10.

On information and belief, Plaintiff alleges that said Defendants, and city government agencies have failed to properly train their officers to protect citizens' civil rights including protection from false arrest, harassment, the bringing of false charges and malicious prosecution. Defendant agency has failed to train their officers in detaining and arresting a suspect or the Constitutional protections. Further, this Governmental agency has rejected or ignored citizens complaints of police misconduct. As a result, Defendant city's officers are rarely, if ever, disciplined for violating citizens' civil rights. In the present case the City was made aware of the tort claim for similar misconduct by defendants in 2011. The City did nothing to train or to correct officer misconduct, establishing defacto policy of condonation of misconduct.

COMPLAINT - 42 USC SECTION 1983 CIVIL RIGHTS VIOLATIONS                    Page 4

11.

After being made aware of much publication of the facts of this case in the newspapers and TV and the ultimate outcome of dismissal and not guilty verdict, the City has still failed to train, discipline or correct its officers. The City of Medford has not only failed to discipline said officers for their conduct, but through complacence, have tacitly approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of its Defendant Officers over a period of time. The city's failure to supervise or discipline shows a deliberate indifference to training and appropriate supervisory discipline and such indifference, is the proximate cause of the violation of the Plaintiffs' federally protected rights.

12.

The foregoing acts, omissions, and the systemic failures are defacto customs and policies of said Defendant City of Medford comprising at least a deliberate indifference to the rights of citizens, and said defacto policies have caused police officers of said Defendants to believe that determination of the right to arrest and the amount of force to be used is within their unfettered discretion, and that complaints of illegal arrest and excessive force would not be properly investigated, with the foreseeable result that offices would be likely continue to illegally arrest and brutalize citizens with impunity.

SUPERVISORY LIABILITY

13.

The above joint defendants were knowing participants in the misconduct of the officers, and failed to correct or discipline its deputies.

FIRST CAUSE OF ACTION

MALICIOUS PROSECUTION

(PLAINTIFF JASON LIBBY)

14.

Plaintiffs incorporate paragraphs 1-13 as though set forth fully herein.

COMPLAINT - 42 USC SECTION 1983 CIVIL RIGHTS VIOLATIONS                    Page 5

15.

Plaintiff Jason Libby was falsely charged without probable cause with two counts of criminal impersonation of a police officer, assault in the fourth degree, two counts of harassment (as an alternative to the assault charge) on February 21, 2013. The charges were dropped June 27, 2013 and his certification was reinstated July 7, 2013.

16.

The criminal proceeding was instituted with malice toward Plaintiff or for a primary purpose other than securing a lawful prosecution of crimes against Jason Libby. The police presented evidence to a grand jury based upon false information and speculation, when in fact, they had no evidence that Jason Libby had committed the crimes of criminal impersonation of a police officer. The facts did not support the elements of any of the criminal charges. The police found that Jason Libby had not been involved in the alleged circumstances because he was not present at the time and place of the alleged act. The remaining charges, assault and harassment were left in place and Jason Libby was acquitted at trial. The police failed to provide the grand jury with pertinent exculpating facts which they were aware of.

17.

There was a lack of probable cause to institute a criminal proceeding.

18.

As a result of Defendants' conduct, Plaintiff suffered special injury in that he was arrested, strip searched, incarcerated and released from jail after bail was posted.

19.

As a result of Defendants' conduct Plaintiff suffered the following damages:

(a)     Plaintiff incurred legal fees and costs in defending the criminal action in the amount of $23,500.

(b)     $1000 nonrefundable bail

(c)     Lost wages $11,700

(d)     Lost account revenue: $56,997

COMPLAINT - 42 USC SECTION 1983 CIVIL RIGHTS VIOLATIONS                    Page 6

20.

Plaintiff suffered non-economic damages in the form of arrest, incarceration, being strip searched, invasion of privacy, interference with his business associations, loss of earnings, pain, suffering, mental and emotional distress, anxiety, embarrassment, nervousness, humiliation, and injury to reputation and dignity in the amount $250,000.

21.

Defendant's conduct was willful, wanton and malicious and punitive damages should be awarded against individual defendants, in an amount not to exceed $100,000.

SECOND CAUSE OF ACTION

FALSE INFORMATION IN THE WARRANT AND INDICTMENT PROCESS

(JASON LIBBY)

22.

Plaintiff realleges paragraphs 1-21 as though set forth fully herein

23.

Defendants Detective Bill Ford and Officer Baglietto failed to do a proper investigation and intentionally and maliciously or with reckless disregard for the truth, provided false information and failed to provide exculpatory evidence and misled the grand jury in order to obtain an indictment and warrant for the arrest of Jason Libby.

24.

Said defendants are not entitled to a grant of qualified immunity based upon their omission of material facts from the search warrant applications, and/or their intentional or reckless false statements of alleged facts which were material to the issuance of the indictment and an arrest warrant.

25.

As a result of Defendants' conduct Plaintiff suffered the following damages:

(a)     Plaintiff incurred legal fees and costs in defending the criminal action in the amount of $23,500.

COMPLAINT - 42 USC SECTION 1983 CIVIL RIGHTS VIOLATIONS                    Page 7

(b)     $1000 nonrefundable bail

(c)     Lost wages $11,700

(d)     Lost account revenue: $56,997

26.

Plaintiff suffered non-economic damages in the form of arrest, incarceration, being strip searched, invasion of privacy, interference with his business associations, loss of earnings, pain, suffering, mental and emotional distress, anxiety, embarrassment, nervousness, humiliation, and injury to reputation and dignity in the amount $250,000.

27.

Defendant's conduct was willful, wanton and malicious and punitive damages should be awarded against individual defendants, in an amount not to exceed $100,000.

### THIRD CAUSE OF ACTION
### UNLAWFUL ARREST AND IMPRISONMENT
### (PLAINTIFF JASON LIBBY)

28.

Plaintiff realleges paragraphs 1-27 as though set forth fully herein.

29.

As a result of the false information the police officers unlawfully arrested and incarcerated Jason Libby. At the time of the arrest defendants discovered, by talking with Jason Libby that he was not involved in the alleged impersonation of a police officer. The remaining charges of assault IV and harassment (a lesser charge of assault IV) were misdemeanors and police had information that was exculpatory to those charges. At all times material the officers had the authority to cite rather than arrest.

30.

As a result of Defendants' conduct Plaintiff suffered the following damages:

(a)     Plaintiff incurred legal fees and costs in defending the criminal action in the amount of $23,500.

COMPLAINT - 42 USC SECTION 1983 CIVIL RIGHTS VIOLATIONS                    Page 8

(b)     $1000 nonrefundable bail

(c)     Lost wages $11,700

(d)     Lost account revenue: $56,997

31.

Plaintiff suffered non-economic damages in the form of arrest, incarceration, being strip searched, invasion of privacy, interference with his business associations, loss of earnings, pain, suffering, mental and emotional distress, anxiety, embarrassment, nervousness, humiliation, and injury to reputation and dignity in the amount $250,000.

32.

Defendant's conduct was willful, wanton and malicious and punitive damages should be awarded against individual defendants, in an amount not to exceed $100,000.

FOURTH CAUSE OF ACTION

DEPRIVATION OF FOURTH AND FOURTEENTH AMENDMENT DUE PROCESS LIBERTY INTEREST IN PLAINTIFFS' RIGHT TO CONDUCT BUSINESS, TO INCOME, PERSONAL PROPERTY, AND BUSINESS RELATIONSHIPS

(JASON LIBBY and DON LIBBY)

33.

Plaintiff realleges paragraphs 1-32 as though set forth fully herein.

34.

Plaintiffs had a constitutional liberty interest in the right of association in legitimate business enterprises, which required DPSST certification to work as security guards. As a result of defendants' false information supplied to DPSST for the second time since 2011, Plaintiffs lost business contracts and income. Also, the police contacted (for the second time since 2011) clients of Plaintiffs and attempted to interfere with Plaintiffs' business relationships.

35.

As a result of Defendants' conduct Plaintiff suffered the following damages:

COMPLAINT - 42 USC SECTION 1983 CIVIL RIGHTS VIOLATIONS                    Page 9

(a)     Plaintiff incurred legal fees and costs in defending the criminal action in the amount of $23,500.

(b)     $1000 nonrefundable bail

(c)     Lost wages $11,700 (Jason Libby)

(d)     Lost wages $7140 (Don Libby)

(e)     Lost account revenue: $56,997

36.

Plaintiff suffered non-economic damages in the form of arrest, incarceration, being strip searched, invasion of privacy, interference with his business associations, loss of earnings, pain, suffering, mental and emotional distress, anxiety, embarrassment, nervousness, humiliation, and injury to reputation and dignity in the amount $250,000.

37.

Defendant's conduct was willful, wanton and malicious and punitive damages should be awarded against individual defendants, in an amount not to exceed $100,000.

FIFTH CAUSE OF ACTION

MALICIOUS PROSECUTION

(DON LIBBY)

38.

Plaintiff realleges paragraphs 1-37 as though set forth fully herein.

39.

Plaintiff Don Libby was falsely charged without probable cause with two counts of criminal impersonation of a police officer, assault in the fourth degree, two counts of harassment (as an alternative to the assault charge) on March 1, 2013.  Plaintiff was found not guilty in a jury trial on September 3, 2013.

40.

The criminal proceeding was instituted with malice toward Plaintiff or for a primary purpose other than securing a lawful prosecution of crimes against Don Libby. The facts did

COMPLAINT - 42 USC SECTION 1983 CIVIL RIGHTS VIOLATIONS                    Page 10

not support the elements of the criminal charges. Don Libby was acquitted at trial.

41.

There was a lack of probable cause to institute a criminal proceeding, the police knowingly withheld exculpatory evidence and misrepresented facts.  Nonetheless police arrested Don Libby without a warrant on 2/22/2013 without probable cause, handcuffed and incarcerated him.

42.

As a result of Defendants' conduct, Plaintiff suffered special injury in that he was arrested, strip searched, incarcerated and released from jail after bail was posted.

43.

As a result of Defendants' conduct Plaintiff suffered the following damages:

(a)     Plaintiff incurred legal fees and costs in defending the criminal action in the amount of $23,500.

(b)     $1000 nonrefundable bail

(c)     Lost wages $7,140

(d)     Lost account revenue:  $56,997

44.

Plaintiff suffered non-economic damages in the form of arrest, incarceration, being strip searched, invasion of privacy, interference with his business associations, loss of earnings, pain, suffering, mental and  emotional distress, anxiety, embarrassment, nervousness, humiliation, and injury to reputation and dignity in the amount $250,000.

45.

Defendant's conduct was willful, wanton and malicious and punitive damages should be awarded against individual defendants, in an amount not to exceed $100,000.

/////

/////

/////

COMPLAINT - 42 USC SECTION 1983 CIVIL RIGHTS VIOLATIONS                    Page 11

LAW OFFICES OF FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 201 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

SIXTH CAUSE OF ACTION

UNLAWFUL ARREST AND IMPRISONMENT

(DON LIBBY)

46.

Plaintiff realleges paragraphs 1-45 as though set forth fully herein.

47.

Defendants arrested and incarcerated Plaintiff without a warrant. At that time no
charging instrument had been filed. Police failed to do a proper investigation and lacked
probable cause based upon actual facts to arrest Plaintiff. Plaintiff was arrested on two counts
of criminal impersonation of a police officer which were the same charges the police had told
the grand jury had been committed by Jason Libby. The defendants knew or should have
known with proper investigation, that the charges were bogus and the necessary elements
were not present.

48.

The defendants acted with malice and deliberate indifference to the civil rights of
Plaintiff.

49.

As a result of Defendants' conduct Plaintiff suffered the following damages:

(a)     Plaintiff incurred legal fees and costs in defending the criminal action in the
        amount of $23,500.

(b)     $1000 nonrefundable bail

(c)     Lost wages $7,140

(d)     Lost account revenue:  $56,997

50.

Plaintiff suffered non-economic damages in the form of arrest, incarceration, being
strip searched, invasion of privacy, interference with his business associations, loss of
earnings, pain, suffering, mental and  emotional distress, anxiety, embarrassment,

COMPLAINT - 42 USC SECTION 1983 CIVIL RIGHTS VIOLATIONS                    Page 12

LAW OFFICES OF FOSTER A. GLASS • ATTORNEY AT LAW
339 SW Century Drive, Suite 201 • Bend, Oregon 97702
Telephone (541) 317-0703 • Fax (541) 317-0736 • e-mail: fosterg@bendcable.com

nervousness, humiliation, and injury to reputation and dignity in the amount $250,000.

51.

Defendant's conduct was willful, wanton and malicious and punitive damages should
be awarded against individual defendants, in an amount not to exceed $100,000.

52.

Pursuant to 42 USC § 1988 each of the Plaintiffs herein is entitled to reasonable
attorney's fees, costs and disbursements.

WHEREFORE Plaintiffs pray for relief from the Court as follows:

1.   On Plaintiff Jason Libby's First, Second and Third Causes of Action, MALICIOUS
PROSECUTION, FALSE INFORMATION IN THE WARRANT AND INDICTMENT
PROCESS, UNLAWFUL ARREST AND IMPRISONMENT:

Plaintiff suffered the following damages:

      (a)   Plaintiff incurred legal fees and costs in defending the criminal action in the
           amount of $23,500.

      (b)   $1000 nonrefundable bail

      (c)   Lost wages $11,700

      (d)   Lost account revenue: $56,997

      (e)   Plaintiff suffered non-economic damages in the amount of $250,000.

      (f)   Punitive damages should be awarded against individual defendants, in an
           amount not to exceed $100,000.

2.   On Plaintiffs Jason Libby and Don Libby's Fourth Cause of Action: DEPRIVATION
OF FOURTH AND FOURTEENTH AMENDMENT DUE PROCESS LIBERTY INTEREST
IN PLAINTIFFS' RIGHT TO CONDUCT BUSINESS, TO INCOME, PERSONAL
PROPERTY, AND BUSINESS RELATIONSHIPS:

As a result of Defendants' conduct Plaintiffs suffered the following damages:

      (a)   legal fees and costs in defending the criminal action in the amount of $23,500.

COMPLAINT - 42 USC SECTION 1983 CIVIL RIGHTS VIOLATIONS         Page 13

      (b)    $1000 nonrefundable bail

      (c)    Lost wages $11,700 (Jason Libby)

      (d)    Lost wages $7140 (Don Libby)

      (d)    Lost account revenue: $56,997

      (e)    Non-economic damages in the amount $250,000.\

      (f)    Punitive damages should be awarded against individual defendants, in an amount not to exceed $100,000.

3.    On Plaintiff Don Libby's Fifth Cause of Action, Malicious Prosecution and Sixth Cause of Action: Unlawful Arrest and Imprisonment:

      (a)    legal fees and costs in defending the criminal action in the amount of $23,500.

      (b)    $1000 nonrefundable bail

      (c)    Lost wages $7,140

      (d)    Lost account revenue:  $56,997

      (e)    Non-economic damages in the amount $250,000.

      (f)    Punitive damages should be awarded against individual defendants, in an amount not to exceed $100,000.

4.    Pursuant to 42 USC § 1988 each of the Plaintiffs herein is entitled to reasonable attorney's fees, costs and disbursements.

DATED this 19th day of February, 2015.

/s/ Foster A. Glass
Foster A. Glass OSB No. 751334
Attorney for Plaintiffs
339 SW Century Drive, Ste 201
Bend OR 97702
Telephone: 541-317-0703
Email: fosterg@bendcable.com

COMPLAINT - 42 USC SECTION 1983 CIVIL RIGHTS VIOLATIONS        Page 14